UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VELAZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | No. 1:21-cv-00258-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 11) |

This matter is before the court on plaintiff's motion to remand this action to the Kings County Superior Court. (Doc. No. 11.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 13.) For the reasons explained below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On November 24, 2020, plaintiff Arturo Velazquez filed this action against defendants Ford Motor Company ("Ford") and Does 1 through 10, inclusive, in the Kings County Superior Court. (Doc. No. 1-3.) Therein, plaintiff alleged the following. On or about December 18, 2018, plaintiff purchased a 2018 Ford Fiesta. (Doc. No. 11 at 7.) During the warranty period, the vehicle experienced serious defects related to the airbag system, the engine, the temperature

sensor, the actuator, and other electrical system defects and nonconformities.  (*Id.*)  Plaintiff presented the vehicle to Ford's authorized repair centers on four occasions in the hopes of repairing the vehicle, and he contacted Ford asking that Ford buy back the vehicle pursuant to California's lemon law.  (*Id.*)  Ford refused to comply and failed to repair the vehicle.  (*Id.*)  As a result, plaintiff brought this civil action in state court asserting claims under California's Song-Beverly Consumer Warranty Act against defendants for breach of express and implied warranty.  (*Id.* at 3.)

On February 24, 2021, defendant Ford removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because plaintiff and defendant Ford are citizens of different states and the amount in controversy is at least $75,000.  (Doc. No. 1.)

On March 26, 2021, plaintiff moved to remand this action to the Kings County Superior Court because defendant's removal was untimely, diversity jurisdiction is lacking, and because principles of comity weight in favor of this matter remaining in state court.  (Doc. No. 11 at 1–2.)  Pursuant to 28 U.S.C. § 1447(c), plaintiff also requests that the court award him attorneys' fees and expenses that he has incurred as a result of defendant's allegedly defective and improper removal of this action to federal court.  (*Id.* at 15.)  On April 20, 2021, defendant Ford filed an opposition to plaintiff's motion to remand.  (Doc. No. 15.)  On April 27, 2021, plaintiff filed a reply thereto.  (Doc. No. 16.)

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to

the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

**DISCUSSION**

In moving for remand, plaintiff contends that defendant Ford fails to establish facts necessary to support this federal court's diversity jurisdiction over the action. Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332.

**A.     Amount in Controversy**

In addition to diversity of citizenship, the party asserting diversity jurisdiction also bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy, which must be determined as of the date of removal, *see Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998), "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comms. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North*

/////

3

*Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

In an action brought pursuant to the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(B)–(C). Additionally, a buyer who establishes a willful violation of the Song-Beverly Act may recover a civil penalty of up to "two times the amount of actual damages." Cal. Civ. Code § 1794(c).

Defendant argues that plaintiff's actual and consequential damages, plus the two-times civil penalty and attorneys' fees available under Song-Beverly, together satisfy the amount in controversy. (Doc. No. 15 at 10–13.) In the notice of removal, defendant contends that the purchase price of the vehicle in question plus the estimated incidental and consequential damages equals $26,983.33. (Doc. No. 1 at 6.) Defendant consequently asserts that the two-times civil penalty pursuant to Song-Beverly would equal $53,966.66 and that the civil penalty plus the actual damages would therefore total $80,949.99, surpassing the $75,000 threshold required for the amount in controversy requirement. (*Id.*) Finally, defendant argues that the amount in controversy includes reasonable estimates of attorneys' fees, which would further bolster the amount in controversy here. (*Id.*)

In his opposition, plaintiff argues that he is not requesting the original purchase price, but rather "'plaintiff is entitled to reimbursement of the purchase price paid for the subject vehicle *less that amount directly attributable to use by the plaintiff prior to the discovery of the nonconformities*.'" (Doc. No. 11) (citing Doc. No. 1-3 at ¶ 17) (emphasis in original). According to plaintiff, the mileage use offset in this case would be $2,309.73. (Doc. No. 11 at 13.) Moreover, plaintiff contends that defendant will seek deductions in this case for nonmanufacturer items installed by a dealer or the buyer, which in this instance amounts to "$2,995.00 for a service contract and $895.00 for a GAP insurance product." (*Id.*) These offsets would bring the actual damages total to $17,283.60. (Doc. No 15 at 10.)

In its reply, defendant acknowledges plaintiff's $17,283.60 total but argues that "[t]he amount in controversy is established by what a plaintiff demands by way of their Complaint, not

4

by any reductions that a defendant might achieve through its defenses." (Doc. No. 15 at 9) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010)). Additionally, defendant emphasizes that even if the court were to consider the lower amount in actual damages, "[w]hen factoring in Plaintiff's claims for attorney's fees, the amount in controversy clearly exceeds $75,000.00." (Doc. No. 15 at 10.)

As plaintiff correctly points out, his complaint seeks only the purchase price less the amount attributable to use of the vehicle by him prior to the discovery of the nonconformities. Thus, the court concludes that the lesser $17,283.60 total does stem directly from what plaintiff demands in his complaint. Consequently, as defendant's own calculations make evident, plaintiff's total potential damages are $51,850.80 after factoring in the two-times civil penalty.[1] (Doc. No. 15 at 10.) This is $23,149.20 short of satisfying the necessary amount in controversy for purposes of diversity jurisdiction.

The Song-Beverly Act does provide for an award of attorney's fees. Cal. Civ. Code. § 1794(e). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Moreover, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Nevertheless, the Ninth Circuit in *Fritsch* also concludes that "district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Id.* at 795. In this regard, the Ninth Circuit requires "a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *Id.* Here, the court concludes that defendant's attorney fee estimate is too speculative to establish the threshold amount in

---

[1] *See Lee v. FCA US, LLC*, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *2 (C.D. Cal. Nov. 7, 2016) ("The Song-Beverly Act also permits Plaintiff to recover a civil penalty in the amount of two times the restitution.").

controversy by a preponderance of the evidence. Defendant has submitted considerable evidence of attorneys' fees sought by plaintiff's counsel in other Song-Beverly cases. However, plaintiff has submitted evidence that in this case he requested a $45,155.16 settlement at the outset of this litigation, which included all damages, attorneys' fees, and costs. (Doc. Nos. 11-1 at 17; 15 at 12.) Because there is a strong presumption against removal jurisdiction, defendant has the burden of proving the jurisdictional amount is sufficient to confer jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, as noted above, any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Id.* Absent pure speculation as to the amount of attorneys' fees to be incurred by plaintiff, the court cannot conclude that defendant has met its burden of establishing that the amount in controversy satisfies the jurisdictional threshold. *See Cox v. Kia Motors America, Inc.*, No. 20-cv-02380-BLF, 2020 WL 5814518, at *5 (N.D. Cal. Sept. 30, 2020). Consequently, the court will grant plaintiff's motion to remand.

However, the court will deny plaintiff's request for an award of $4,025.00 in attorneys' fees incurred in bringing this motion. (Doc. No. 11 at 15.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the court concludes that defendant's basis for removal was objectively reasonable. Accordingly, plaintiff's request for attorneys' fees will be denied.

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's motion to remand this action (Doc. No. 11) is granted;
2. Plaintiff's request for attorneys' fees (Doc. No. 11) is denied;

/////

/////

/////

/////

6

3. This action is remanded to the Kings County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 13, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE